**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALISHA V. KREIDER, | : | |
| as EXECUTRIX of the | : | |
| ESTATE OF | : | |
| EDWARD A. HERRMANN, III | : | |
| | : | |
| | : | |
| | : | CIVIL ACTON NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action Medical Professional |
| UNITED STATES OF AMERICA | : | Liability Action |
| | : | |
| | : | |
| | : | |
| Defendant. | : | Electronically Filed |

**COMPLAINT**

Plaintiff, Alisha V. Kreider, as the Executrix of the Estate of Edward Herrmann, III, by and through her attorneys, Randall M. Justice, Esquire and Savoca Justice, LLC, states that she has various causes of action against the Defendant and in support thereof avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1. At all pertinent times, Plaintiff Alisha V. Kreider and the Decedent, Edward Herrmann, III are and were citizens of the United States of America. The Plaintiff, Alisha V. Kreider, is an adult citizen and resident of the Commonwealth

of Pennsylvania and was duly appointed as the Executrix of the Estate of Edward A. Herrmann, III, by the Register of Wills of Lancaster County, Pennsylvania on December 22, 2011 with the grant of Letters Testamentary at File No., 36-2011-2550 following the death of Decedent, Edward A. Herrmann, III, on December 8, 2011.

2.     The acts and omissions complained of herein were performed by agents, servants, and/or employees acting within the scope of their agency, service or employment with the U.S. Department of Veteran's Affairs and/or the Defendant as medical providers at the Lebanon VA Medical Center located at 1700 South Lincoln Avenue in Lebanon, Pennsylvania, 17042 and for whom the Defendant is liable in tort and damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 *et seq.*.

3.     The Plaintiff timely filed an administrative claim pursuant to the requirements of the Federal Tort Claims Act and the Plaintiff has received her "final denial of claims" dated September 2, 2014 from the United States Department of Veterans Affairs.  A true and correct copy of the final administrative denial correspondence is attached hereto and incorporated herein as Exhibit A.  Jurisdiction is thereby established before this Honorable Court pursuant to the Federal Tort Claims Act, 28 § U.S.C. 2675 and this Complaint is

timely filed and complies with all the preemptive federally required commencement dates for tort claims resulting in injury and/or death against the Defendant.

4. The acts and commissions complained of herein occurred at the Lebanon VA Medical Center located in Lebanon, Pennsylvania and within the judicial district of this honorable Court, thus rendering jurisdiction and venue proper within this honorable Court pursuant to 28 § U.S.C. 1402(b).

**OPERATIVE FACTS**

5. On December 3, 2011, the then 33 year old Decedent presented to the Emergency Department at the Lebanon VA Medical Center in the evening complaining of chest pain that began the prior evening, reportedly then at a level of 9 out of 10 with shooting pain, which had persisted through the following day at a reported level of 6 out of 10 with constant chest pressure. The Decedent also reported blacking out during intercourse the prior evening. The Decedent reported severe headaches, nausea and vomiting along with earlier reports of blurred vision and generalized weakness.

6. The Decedent was diagnosed with a chest wall muscle strain and muscle contraction headaches and discharged at approximately 10:00PM on the same day following an IV administration of 30 mg of Toradol and a prescription

of Percocet for pain with instructions to follow up with his primary care doctor.

7.     During Decedent's December 3, 2011 hospital visit, he was treated and evaluated at the Lebanon VA Medical Center by agents, servants, and/or employees of U.S. Department of Veterans Affairs and/or the Defendant, all acting as medical providers within the scope of their agency, service or employment and for whom the Defendant is liable, including John M. Movassaghi, M.D., during his rendering of and direction of the treatment and evaluation of the Decedent.

8.     During Decedent's December 3, 2011 emergency room visit, there was a noted and charted family history of aortic dissection in the Decedent's father. This history was also noted elsewhere in Decedent's prior medical records from the Lebanon VA Medical Center as a result of his treatment history there.

9.     Despite this close family history of aortic dissection and Decedent's symptoms and complaints, Defendant, by and through its agents, servants and employees, including Dr. Movassaghi, failed to take appropriate steps to adequately discover or rule out more serious conditions before diagnosing muscle strain and headaches, including an ascending aortic dissection, through appropriate testing and evaluation, including, without limitation, a chest computed tomography with contrast (commonly known as a CT scan), bilateral blood

pressure, an echocardiogram, a d-dimer test or other appropriate diagnostic and evaluative measures.

10.    Instead, Decedent was administered Toradol which further increased the risk of harm to the Decedent given the Decedent's noted family medical history and constellation of symptoms in light of this medication's known propensity to thin blood and otherwise exacerbate heart and circulatory conditions.

11.    In light of the Defendant's failure to adequately evaluate for or rule out more serious medical conditions, including aortic dissection, the Decedent's aortic dissection was not discovered or treated and was instead allowed to persist and progress until the Decedent ultimately passed away on December 8, 2011. Thereafter, a postmortem report revealed an aortic root with a 5 cm transverse tear that produced dissection of the aorta and rupture into the pericardial sac.

12.    Discovery of the dissection at the Decedent's initial presentation at the Lebanon VA Medical Center on December 3, 2011 would have allowed for immediate treatment, including surgical repair, all of which much more likely than not would have saved Decedent's life.

## COUNT I-MEDICAL NEGLIGENCE

13.    Each and every allegation of fact and the implications therefrom contained in paragraphs one (1) through twelve (12) are re-alleged herein as if

restated verbatim.

14. The above set forth incident and the Decedent's resulting injuries and death were proximately caused by the negligence of the Defendant and/or negligence for which the Defendant is liable in the following particulars:

    a.    In failing to properly care for and treat the Decedent's condition;

    b.    In failing to properly diagnose the Decedent's condition;

    c.    In failing to make a differential diagnosis for more serious medical conditions, including an aortic dissection;

    d.    In failing to order or obtain appropriate and sufficient diagnostic tests to assess the thoracic aorta;

    e.    In failing to consult with appropriate medical specialists;

    f.    In failing to provide proper or sufficient discharge instructions;

    g.    In failing to perform the appropriate examination, testing and evaluation;

    h.    In failing to treat the Decedent's medical condition in a timely manner;

    I.    In providing the Decedent with medication which increased the risk of harm;

      j.      In failing to prevent the death of the Decedent; and

      k.      In failing to have in place or enforce sufficient policies, protocols or procedures to prevent the injuries to and death of the Decedent.

15.    As a direct and proximate result of the negligent conduct for which the Defendant is liable as set forth herein, Plaintiff seeks damages for the following:

      a.      Decedent, instead of being properly treated, was allowed to die;

      b.      Decedent endured conscious pain and suffering as well as emotional stress;

      c.      Decedent's minor child, E.M.H., lost the right to future maintenance and support;

      e.      Decedent lost the ability to maintain and sustain family relationships;

      f.      Decedent lost wages and earning capacity;

      g.      The loss of the services, companionship, society, comfort, guidance, solace and protection that Decedent would have provided to his minor child and Decedent's family;

      h.      Medical expenses, funeral expenses and expenses of

        administration;

    i.    Plaintiff further asserts such other lost valuables and damages sustained as are properly allowable under Pennsylvania law.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for all compensatory damages in an amount far exceeding the amount for compulsory arbitration, along with all other relief allowable by law including interest, delay damages and costs.

## COUNT II-SURVIVAL

16.    Each and every allegation of fact and the implications therefrom contained in paragraphs one (1) through fifteen (15) are re-alleged herein as if restated verbatim.

15.    Plaintiff Alisha V. Kreider, Executrix of the Estate of Edward Herrmann, III, brings this action on behalf of the Decedent's estate under and by virtue of the provisions commonly known as the Survival Act at 42 Pa. C.S.A. § 8302, and all other provisions and authority related thereto.

16.    Plaintiff claims damages on behalf of the Estate of Edward A. Herrmann, III including damages suffered by him and his estate by reason of his death including, among other items of damages, the Decedent's loss of earnings and earning capacity along with other financial losses, his physical and mental

pain and suffering and inconvenience endured prior to his death, and such other damages as are recoverable in a survival action.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for all compensatory damages in an amount far exceeding the amount for compulsory arbitration, along with all other relief allowable by law including interest, delay damages and costs.

### COUNT III-WRONGFUL DEATH

17. Each and every allegation of fact and the implications therefrom contained in paragraphs one (1) through sixteen (16) are re-alleged herein as if restated verbatim.

18. Due to the negligent conduct of the Defendant as aforesaid, Decedent died and left behind individuals entitled to recover for his death.

19. Plaintiff, by reason of the death of Decedent, seeks to recover all such losses as are permitted by law, including medical and funeral expenses, financial losses and other expenses of the opening, maintenance and administration of his estate.

20. Plaintiff, Alisha V. Kreider is Decedent's sister and his duly appointed Executrix who seeks to recover wrongful death damages on behalf of those legally entitled to recover for the same, including Decedent's minor child,

E.M.H., who was born in 2009.

21. E.M.H. resided together with his unmarried mother and father, father being the subject Decedent, during his father's lifetime and now resides with his mother in Lancaster, Pennsylvania.

22. Decedent's minor child, E.M.H. has suffered the loss of Decedent's society and comfort, friendship, guidance, love, tutelage, affection, services and other such damages as are recoverable under the Wrongful Death Statute of Pennsylvania, 42 Pa. C.S.A. § 8301, Pennsylvania Rule of Civil Procedure 2201 *et seq.* and all other provisions and authority related thereto for the wrongful death of the Decedent.

23. By reason of Decedent's injuries and death, his minor child has also suffered the loss of the familial relationship with his father and the pecuniary loss of his father's support, maintenance, gifts and contributions.

24. Decedent did not bring a cause of action for the injuries claimed herein during his lifetime and no other action for the death of the Decedent has been commenced against Defendant or based on these facts.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for all compensatory damages in an amount far exceeding the amount for compulsory arbitration, along with all other relief allowable by law including

interest, delay damages and costs.

                                                SAVOCA JUSTICE, LLC

                                                s/ _____
                                                Randall M. Justice, Esquire
                                                Attorney for Plaintiff
                                                ID#: PA200414
                                                600-H Eden Road
                                                Lancaster, PA 17601
                                                P. 717-519-0805
                                                F. 717-519-6675
                                                Randall@SavocaJustice.com